UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20295 Becerra

UNITED STATES OF AMERICA

vs.

LUIS ANDRES ZUNIAGA,
    Defendant.
_____/

**OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

    COMES NOW, LUIS ANDRES ZUNIAGA by and through his undersigned attorney and files this his Objections to the Pre-Sentence Investigation Report and sets forth:

**INTRODUCTION**

    Mr. Luis Andres Zuniaga is a Venezuelan fisherman, who along with 7 others was interdicted on June 26, 2024 by the U.S. Coast Guard. On July 5, 2024, he was turned over to the D.E.A.  Brayan Tochon-Lopez identified himself as the master of the vessel. He, along with the others were charged with conspiracy to possess with intent to distribute cocaine while on board of a vessel in violation of Title 46 U.S.C.§70503(A)(1) and possession with intent to distribute cocaine which on board a vessel subject to the jurisdiction of the Unites States in violation of Title 46 U.S.C. §70503(A)(1).

Mr. Zuniaga has no education. He cannot read or write.

## **OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

Although booked on July 5, 2024, his actual date of his arrest was June 26, 2024.

1.     Defendant objects to paragraph 14, Safety Valve Provision noted that the defendant met the criteria of subsections 1-4 under §5C1.2(a) and 18 U.S.C. §3553(f). It fails to give the 2 point reduction for failure to fully be debriefed at the Government's leisure. Nevertheless, it would adopt his factual proffer in lieu of being debriefed, should the Government fail to fully debrief him. Therefore, it should read minus 2.

He did not use violence nor threats of violence, possessed a firearm, did not result in death nor serious bodily injury. He was not a leader nor organizer.

2.     Defendant objects to paragraph 15.

Paragraph 15-Base Offense Level

Based on the foregoing, because Mr. Zuniaga is a minimal participant, his Base Offense Level is 30, not 36. See §2D.1(a)(5)(B). Under the drug computation chart in section 2D1.1(c)(2) Mr. Zuniaga is at a level 30. He was convicted of trafficking at least 150 KG but less than 450 KG of cocaine. Section 2D.1.1(a)(5) provides that if the defendant receives an adjustment under §3B1.2 and the base offense level is above level 34, the base offense level is to be adjusted to level 32.

See §2D.1.1(a)(5). But if the resulting offense level is greater than 30 and the defendant receives the four (4)-level reduction in §3B1.2(a), the offense level is decreased to level 30. See §2D1.1(a)(5).

<u>Objection to paragraph 18</u>

Mr. Zuniaga appreciates the PSI report accounting for a two (2) point reduction in the offense level for his role in the offense, pursuant §2D1.1(e)(2)(B)(i); However, Mr. Zuniaga should receive a four (4) level mitigating role reduction, as he was a minimal participant in the offense pursuant §2D.1.1(e)(2)(B)(1) and §3.B1.2(a).

Under the new special instruction at §2D.1.1(e)(2), a person's primary function in the global drug trade is sufficient, on its own, to trigger a role reduction. Section 2D.1.1(e)(2)(B) instructs court to apply a two (2) level reduction pursuant to the provisions of §3B1.2, "regardless of whether the offense involved other participants in addition to the defendant, and regardless of whether the offense involved other participants in addition to the defendant, and regardless of whether the defendant was less substantially less culpable than the average participant in the criminal activity." §2.D.1.1(e)(2)(B)(USSG 2025). However, the guideline does not limit the reduction to two (2) levels. *Id*.

"The extent of the adjustment shall be based on the totality of the of the circumstances and involves a determination that is heavily dependent upon the

facts of the particular case." *Id*. In addition to the circumstances identified in §3B.1.2, an adjustment under §3B1.2(a) [for minimal participant] is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function. See §2D.1.1(e)(2)(B)(i)(USSG 2025). Subsection (i) provides that [a]n adjustment under §3.B.1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout. '' *Id.*

    3.    Defendant objects to paragraph 20. It should read 26.

    4.    Defendant objects to paragraph 24. It should read 21.

    5.    Defendant objects to paragraph 53. The Defendant is eligible for a Safety Valve reduction, as such the minimum mandatory sentence does not apply.

    6.    Defendant objects to paragraph 54. The total offense level is 21, 37 to 46 months and it reiterates the objection in paragraphs 15 and 53.

    7.    Defendant objects to paragraph 64. He reiterates the objection in paragraph 15.

USSC JSIN statistics are as follows:

    a)    Based on a Total Offense Level of 21, if a four (4) level role adjustment is applied, and a Criminal History category of I: During the last five fiscal years (FY2020-2024), there were 675 defendants whose primary guidelines

4

was §2D1.1 and Powder Cocaine was their primary drug type, with a Final Offense Level of 21 and Criminal history of I, and after excluding defendants who received a §4K1.1 substantial assistance departure. For the 656 defendants (97%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 28 months and the median length of imprisonment imposed was 30 months.

## SENTENCING MEMORANDUM

Mr. Zuniaga has no legal status in the United States. He has an immigration detainer filed against him. He will be held in ICE Custody between five to six months after the completion of his sentence.

The Eleventh Circuit has advised that "after it makes [its} guideline calculation, the District Court may impose a more severe or lenient sentence as long as the sentence is reasonable." See *United States v. Crawford*, 407 F.3d 1174 at 1179 (11th Cir. 2005); see also *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006). The sentence imposed must be "sufficient but not greater than necessary" to achieve the four purposes of sentencing outlined in §3553(a)(2).

Mr. Zuniaga was born in Campano, Venezuela. He is one of nine children. He was raised in a poverty-stricken area. He, as a child, would go without food and shelter along with most of his neighbors.

At age 12, he began fishing to help out as best he could. Most of the shelters he was raised in, were temporary in nature, made out of clay and metal sheeting. He is unable to read or write. He possesses no specialized skills and "is minimally proficient in the Spanish Language.

Once deported, he will go back to the life of hardship and poverty.

Luis, among many, many others, are the pawns used by traffickers to move their product. Poor, starving, fisherman, who are lured by a few dollars compared with the amounts profited by the traffickers. A sentence of credit time served is sufficient punishment for this Defendant.

By: /s/       *Joseph A Chambrot*
JOSEPH A. CHAMBROT, ESQ.
Attorney for Luis Andres Zuniaga
Florida Bar No. 434566
1885 NW North River Drive
Miami, FL 33125
Phone: 305- 547-2101
joseph@chambrotlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/j/Joseph A. Chambrot